UNITED STATES DISTRICT COURT                        <u>For Online Publication Only</u>
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FREEDOM MORTGAGE CORPORATION,

                                    Plaintiff,              **<u>MEMORANDUM & ORDER</u>**
                                                           23-CV-01025 (JMA) (JMW)

                       -against-
                                                           **FILED**
                                                           **CLERK**
DONALD MULLIGAN JR. and MAIDENBAUM &
STERNBERG LLP, *formerly known as Rosenfeld &*             10:26 am, Feb 23, 2024
*Maidenbaum LLP*,
                                                           **U.S. DISTRICT COURT**
                                    Defendants.            **EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X          **LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

 Plaintiff Freedom Mortgage Corporation brought the instant action to foreclose on a

mortgage encumbering the property at 97 Peconic Drive, Massapequa, NY 11758 (the "Property").

(<u>See</u> Compl., ECF No. 1.)  Presently before the Court is Plaintiff's unopposed motion for default

judgment (the "Motion").  (<u>See</u> ECF No. 18.)  Plaintiff seeks recovery of outstanding amounts

owed under the mortgage note, as well as entry of a judgment of foreclosure and sale of the

Property.  For the reasons set forth herein, Plaintiff's motion is GRANTED.

## I. BACKGROUND

**A. <u>Facts</u>**

**1. The Note and Mortgage**

 On November 29, 2017, Defendant Donald Mulligan Jr. ("Borrower") executed a note in

favor of Plaintiff in the amount of $389,193.00 (the "Note").  (ECF No. 20-7 at 6-8.[1])  That same

day, Borrower executed a mortgage on the Property to secure the Note (the "Mortgage") in which

the mortgagee of record was nonparty Mortgage Electronic Systems Inc. as nominee for Plaintiff.

---

[1] Pinpoint citations to the documents attached to the Affidavit of Plaintiff at ECF No. 20-7 refer to the consecutive page numbers stamped at the top of that 122-page document.

(Id. at 11-41.)  On December 20, 2017, the Mortgage was recorded in the Nassau County Clerk's Office.  (Id. at 10.)

Since April 1, 2020, Borrower has breached the Note and Mortgage (the "Agreements") by failing to make the required monthly payments.  (Id. ¶ 6; see id. at 49-53.)

On February 2, 2022, Borrower was sent a default notice via first class mail, which stated that the total amount in arears was $88,358.17 and Borrower must correct the default.  (Id. at 99-104.)  The default notice further stated that failure to cure the default by March 7, 2022, would permit acceleration of the loan and foreclosure and sale on the Property.  (See id.)  On February 16, 2022, Borrower was sent via first class and certified mail the 90-day notice required by New York's Real Property Actions and Proceedings Law ("RPAPL") Section 1304(1).  (See id. at 94-97.)  Consistent with RPAPL Section 1306, the Superintendent of the New York State Department of Financial Services was notified within three days that the 90-day notice was sent to Borrower. (See id. ¶ 8.)

On January 18, 2023, the Mortgage was assigned to Plaintiff; this assignment was recorded in the Nassau County Clerk's Office on January 23, 2023.  (Id. at 45-47.)

### 2.    Additional Relevant Party

Defendant Maidenbaum & Sternberg LLP ("Maidenbaum"), formerly known as Rosenfeld & Maidenbaum LLP, holds a subordinate lien on the Property.  (See Compl, ECF No. 1 ¶¶ 4-5 (alleging lien's subordinate nature); ECF No. 20-9 (documenting lien).)

## B.  Procedural History

On February 8, 2023, Plaintiff filed the Complaint.  (ECF No. 1.)  On February 14, 2023, Plaintiff filed a notice of pendency in the Nassau County Clerk's Office consistent with RPAPL Section 1331.  (See ECF No. 7.)

On March 21, 2023, Maidenbaum was served with the Complaint, a summons, and the certificate of merit required by the New York Civil Practice Law and Rules ("CPLR") Section 3012-B.  (ECF No. 9.)  Similarly, on March 24, 2023, Borrower was served with the Complaint, the special summonses required by RPAPL Section 1320, the notice to residential mortgagors required by RPAPL Section 1303, and the certificate of merit required by CPLR Section 3012-B. (ECF No. 8.)  Defendants did not answer or otherwise respond to the Complaint.

On April 28, 2023, the Clerk of the Court entered a certificate of default for Defendants. (ECF No. 11.)  Between May 2023 and December 2023, Plaintiff filed status reports regarding efforts made by Plaintiff and Borrower to resolve this case.  (See ECF Nos. 12-13, 15-17.)  Those efforts were unsuccessful.  On January 13, 2024, Plaintiff filed the Motion and served same by mail upon Defendants.  (ECF Nos. 18-21; see also E.D.N.Y. Loc. Civ. R. 55.2(c) (requiring this service).)  Defendants did not oppose the Motion.

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment.  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).  Second, after a default has been entered against the defendant, and provided the defendant failed to appear and move to set aside the default, the court may, on a plaintiff's motion, enter a default judgment.  See FED. R. CIV. P. 55(b)(2).

Before imposing a default judgment, the district court must accept well-pled allegations as true and determine whether they establish the defendant's liability as a matter of law.  See Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182,

3

187 (2d Cir. 2015). "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Id. at 189 (internal quotation marks and alterations omitted). Instead, the plaintiff must establish to a "reasonable certainty" entitlement to the relief requested. Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012) (internal quotation marks omitted).

## III.   DISCUSSION

### A.   Defendants Defaulted

As detailed above, Defendants were properly served with a summons and the Complaint but failed to answer, file an appearance, or otherwise defend this action. See supra Section I.B. The Clerk of the Court properly entered a certificate of default for Defendants on April 28, 2023. (ECF No. 11.)

### B.   Borrower's Liability

Under New York law, "a plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (quoting Campaign v. Barba, 805 N.Y.S.2d 86, 86 (2d Dep't 2005)). "Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has demonstrated its prima facie case of entitlement to judgment." Id. (citing Fleet Natl. Bank v. Olasov, 793 N.Y.S.2d 52, 52 (2d Dep't 2005)).

Here, Plaintiff submitted copies of the Note, in which Plaintiff is the original lender; the Mortgage, in which Plaintiff's nominee was the mortgagee; and the assignment of the Mortgage from Plaintiff's nominee to Plaintiff. (See ECF No. 20-7 at 6-8, 10-41, 45-47). Those documents

4

establish the existence—and Plaintiff's ownership—of the Mortgage and Note.  See, e.g., Nissan Motor Acceptance Corp. v. Nemet Motors, LLC, No. 19-CV-3284, 2022 WL 4651667, at *3 (E.D.N.Y. Sept. 29, 2022) ("Where, as here, the plaintiff is also the original lender, production of the mortgage and note establish standing.").

Plaintiff submitted evidence of Borrower's default in the form of an affidavit by Mia Carter, FCL Specialist II for Plaintiff, which states that Borrower defaulted on the Agreements on April 1, 2020, and has not cured his default.  (See ECF No. 20-7 ¶ 6.)  Additionally, Plaintiff submitted the notices that it was required to send to Borrower under the terms of the Agreements, as well as proof that it complied with its obligations under the RPAPL and CPLR.  See supra Part I.

This documentary evidence, together with the allegations in the Complaint, are sufficient to establish Borrower's liability.  Thus, Plaintiff has established its right to foreclose upon the Property.  Accordingly, a judgment of foreclosure and sale will be entered.

## C.    Maidenbaum's Liability

Under the RPAPL, the necessary parties to a mortgage foreclosure include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff."  REAL PROP. ACTS. LAW § 1311(3).  "The rationale for joinder of these interests derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale."  71-21 Loubet, LLC v. Bank of Am., N.A., 174 N.Y.S.3d 400, 404 (2d Dep't 2022) (internal quotation marks omitted).  Accordingly, Plaintiff seeks to extinguish the subordinate lien on the Property held by Maidenbaum.  Plaintiff bears the burden to establish this "nominal liability" as to Maidenbaum.  E.g., Onewest Bank N.A. v. Louis, No. 15-CV-00597, 2016 WL 3552143, at *12 (S.D.N.Y. June 22, 2016) (internal

quotations omitted).  "To plead nominal liability, a plaintiff must allege 'in great detail' the nature of a defendant's interest in the subject property." Miss Jones LLC v. Brown, No. 17-CV-898, 2020 WL 13889871, at *7 (E.D.N.Y. Aug. 14, 2020) (quoting Wells Fargo Bank, N.A. v. Landi, No. 13-CV-5822, 2015 WL 5657358, at *3 (E.D.N.Y. Sept. 22, 2015)), report and recommendation adopted, 2020 WL 5503535 (E.D.N.Y. Sept. 11, 2020).

Plaintiff submitted documents confirming that Maidenbaum holds a subordinate lien on the Property.  (See ECF No. 20-9.)  As such, Plaintiff established "nominal liability" sufficient for judgment against Maidenbaum extinguishing its interest in the Property.  See, e.g., CIT Bank, N.A. v. Howard, No. 14-CV-7470, 2018 WL 3014815, at *13 (E.D.N.Y. June 15, 2018) (imposing nominal liability against defendants after reviewing documents confirming their subordinate property interests).

**D.   Damages**

In addition to the foreclosure and sale of the Property, Plaintiff requests from Borrower $518,207.10 composed of (1) $516,719.46 in compensatory damages for amounts owed under the Agreements, and (2) $1,487.64 in costs in connection with this action.  (See ECF No. 20-10.)  The Court may, without holding a hearing, rely on documentary evidence to determine damages.  See Bricklayers, 779 F.3d at 189 (affirming default judgment's award of damages calculated without a hearing based on briefs, audits, and affidavits); Metro Found. Contractors, 699 F.3d at 234-35 (holding that default judgment damages may be based on "detailed affidavits and documentary evidence" and affirming default judgment damages so awarded).  The Court finds, for the reasons set forth herein, that Plaintiff's submissions adequately support the requests for compensatory damages and costs.  Accordingly, Plaintiff is awarded the requested total of $518,207.10.

### 1.    Compensatory Damages

The Court finds that Plaintiff's submissions, including the affidavit from Ms. Carter, establish its requested compensatory damages to a reasonable certainty.  (See ECF No. 20-7 ¶ 10 (reporting amounts owed for, among other things, principal balance, interest, and tax disbursements); Id. at 49-92 (detailing underlying calculations in support of amounts owed).) Accordingly, Plaintiff is awarded $516,719.46 in compensatory damages.

### 2.    Costs

The Agreements obligate Borrower to pay all costs and disbursements, to the fullest extent allowed by law, in connection with enforcing the Agreements.  (See id. at 7, 27.)  "[O]ut-of-pocket litigation costs are generally recoverable if they are necessary for the representation of the client." Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC., 553 F. Supp. 2d 201, 210 (E.D.N.Y. 2008) (internal quotations and alteration omitted); see LeBlanc–Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) (similar).  Plaintiff accordingly requests $1,487.64 for costs incurred in connection with this action, such as (among other things) the filing fee and service of process.[2]  (ECF No. 20-10 at 2.)  "Such relief is routinely granted in foreclosure actions where," as here, they are "provided for in the relevant agreements."  U.S. Bank Nat'l Ass'n v. 2150 Joshua's Path, LLC, No. 13-CV-1598, 2017 WL 4480869, at *5 (E.D.N.Y. Sept. 30, 2017).

Plaintiff "bears the burden of adequately documenting and itemizing the costs requested." U.S. Bank Nat'l Ass'n as Tr. for Structured Adjustable Rate Mortg. Loan Tr., Mortg. Pass-Through Certificates, Series 2007-8 v. Whittle, No. 22-CV-05484, 2023 WL 8189938, at *7 (E.D.N.Y. Nov. 27, 2023) (internal quotation marks omitted).  "Court fees reflected on the Court's docket and costs

---

[2]       Plaintiff does not request attorney's fees, i.e., recovery to compensate for counsel's efforts to prosecute this action beyond out-of-pocket litigation costs.  (See ECF No. 19 at 11; ECF No. 20-10 at 2.)

for which a claimant provides extrinsic proof, such as an invoice or receipt, are considered sufficiently substantiated, as is a sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items." <u>Antoine v. Brooklyn Maids 26, Inc.</u>, 489 F. Supp. 3d 68, 105 (E.D.N.Y. 2020). Plaintiff's Statement of Damages, in which Plaintiff's counsel swears under penalty of perjury to itemized costs Plaintiff seeks to recover (<u>see</u> ECF No. 20-10 at 2), substantiates the relief requested therein. <u>See, e.g.</u>, <u>Whittle</u>, 2023 WL 8189938, at *7 (awarding costs because counsel attested to them under penalty of perjury); <u>Mendoza v. CGY & J Corp.</u>, No. 15-CV-9181, 2017 WL 4685100, at *3 (S.D.N.Y. Oct. 17, 2017) (same). Accordingly, Plaintiff is awarded $1,487.64 for costs.

## IV.   CONCLUSION

For the reasons stated above, the Motion is GRANTED. The Court will separately enter an order of foreclosure and sale.

**SO ORDERED.**

Dated:   February 23, 2024
        Central Islip, New York

_____
/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE